## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Verretta D. Strickland,

                    Plaintiff,

v.

Minnesota AFL-CIO, Shar Knutson, Steve
Hunter, and Brad Lehto,

                    Defendants.

Civ. No. 17-5071 (SRN/BRT)

### REPORT AND
### RECOMMENDATION

Verretta D. Strickland, *pro se* Plaintiff.

Justin D. Cummins, Esq., Cummins & Cummins, PLLP, counsel for Defendants.

BECKY R. THORSON, United States Magistrate Judge.

        This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. No. 12.)

Defendants argue that Plaintiff's Complaint is untimely, and alternatively, that Plaintiff

fails to assert a plausible claim for relief. The matter has been referred to the undersigned

for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

(Doc. No. 19.) On August 31, 2018, this Court held a hearing on the motion to dismiss.

(Doc. No. 32.) For the reasons stated below, this Court recommends that Defendants'

motion be granted in part and denied in part.

### BACKGROUND

        Plaintiff Verretta D. Strickland worked for Defendant Minnesota AFL-CIO

("Defendant") until October 12, 2015, when she was terminated. In April 2014, while working for Defendant, Plaintiff filed a discrimination charge against Defendant with the Saint Paul Department of Human Rights & Equal Economic Opportunity alleging race/color/sex/age discrimination.[1] On September 10, 2015, the Director of the Department of Human Rights & Equal Economic Opportunity "determined that there is a no probable cause finding to credit the allegations contained in the charge" in a "Right to Sue" Notice. (Doc. No. 1-1.) The Right to Sue Notice stated the following:

---

[1]     To bring a private civil action under Title VII, the ADEA, or the ADA, a plaintiff must file a timely Charge of Discrimination with either the Minnesota Department of Human Rights ("MDHR") or the Equal Employment Opportunity Commission ("EEOC"). *See E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 110–12 (1988); *Worthington v. Union Pacific R.R.*, 948 F.2d 477, 479 (8th Cir. 1991); *see also Wolhart v. Genuine Parts Co.*, No. CIV. 05-254 (RHK/JSM), 2006 WL 839506, at *6 (D. Minn. Mar. 30, 2006) ("Prior to filing a lawsuit for a violation of the ADA, a claimant is required to exhaust the administrative remedies available to him under the statute. *See* 42 U.S.C. § 12117(a), § 2000e–5(f)(1).").

    "Title VII expressly authorizes the EEOC to enter into worksharing agreements with state and local agencies to promote effective enforcement of the statute." *Worthington*, 948 F.2d at 480 (citing *Commercial Office Prods.*, 486 U.S. at 112; 42 U.S.C. §§ 2000e–8(b); 2000e–4(g)(1) (1988)). Pursuant to the workshare agreement between the EEOC and the MDHR, "each agency serves as the agent of the other for the purpose of receiving a charge." *Johnson v. Hubbard Broad., Inc.*, 940 F. Supp. 1447, 1460 (D. Minn. 1996) (taking judicial notice of the workshare agreement between the EEOC and the MDHR in finding that plaintiff who filed charge with the EEOC was deemed to have filed it with the MDHR). "[T]he workshare agreement provides that the EEOC will initially process all charges." *Johnson*, 940 F.Supp. at 1460. By entering into such an agreement, the MDHR "terminates" its proceedings and the EEOC immediately exercises jurisdiction over the charge. *Id.* (citing *Commercial Office Prods.*, 486 U.S. at 110, 125).

> Please note that Complainant has forty-five (45) days from the receipt of this notice to file this matter in Court. Receipt of notice is presumed to be five (5) days from the date of service by mail of the written notice. Failure to do so might result in prejudicial harm to this matter.

(*Id.*)

Just prior to the Director's decision and Right to Sue Notice was issued, on September 9, 2015, while Plaintiff was still employed by Defendant, Plaintiff filed a second charge against Defendant, this time alleging disability discrimination and retaliation. On September 18, 2017, after review and an appeal, the Director of the Department of Human Rights & Equal Economic Opportunity similarly found as it did with the first charge that there was no probable cause to credit the allegations contained in the charge and issued a Right to Sue Notice. (Doc. No. 1-1.) This second Right to Sue Notice also stated:

> Please note that Complainant has forty-five (45) days from the receipt of this notice to file this matter in Court. Receipt of notice is presumed to be five (5) days from the date of service by mail of the written notice. Failure to do so might result in prejudicial harm to this matter.

(*Id.*)

On November 9, 2017, Plaintiff filed a Complaint with this Court, asserting that Defendants harassed and discriminated against her throughout the last six years of her employment and failed to accommodate her disability, prior to terminating her on October 12, 2015. (Doc. No. 1 at 3–5.) She asserts that she was discriminated against because of her race and color pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), because of her age pursuant to the

Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et. seq.*

("ADEA"), and because of her disability pursuant to the Americans with Disabilities Act

of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). (*Id.* at 2–5.) She also asserts

that Defendants retaliated against her for filing the first discrimination complaint with the

EEOC. (*Id.* at 4–5.) Defendants have filed a Motion to Dismiss, arguing that Plaintiff's

claims should be dismissed as untimely for being filed outside the governing limitations

period. (Doc. Nos. 12, 14.) Alternatively, Defendants argue that Plaintiff's claims should

be dismissed for failure to state a plausible claim for relief. (*Id.*)

## DISCUSSION

### I.    Standard of Review

When analyzing whether dismissal is warranted under Rule 12(b)(6) for failure to

state a claim, a court generally must limit its inquiry to the pleadings, though "it may

consider some materials that are part of the public record or do not contradict the

complaint, as well as materials that are necessarily embraced by the pleadings." *Smithrud*

*v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (quoting *Porous Media Corp. v. Pall*

*Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). A court must accept the factual allegations

in the complaint as true and draw all reasonable inferences in the plaintiff's favor;

however, it need not accept "mere conclusory statements," including legal conclusions

couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Martin v.*

*Iowa*, 752 F.3d 725, 727 (8th Cir. 2014); *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

To withstand dismissal under Rule 12(b)(6), a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[2]

## II.    Individual Defendants

At the hearing, Plaintiff represented that she did not intend to list the individuals Shar Knutson, Steve Hunter, and Brad Lehto as Defendants in this action. She only listed them on the Complaint form after receiving instruction from someone that she needed to list the people involved or with knowledge of the underlying facts on the Complaint

---

[2]    Defendants bring their motion regarding the timeliness of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), which governs a motion to dismiss for lack of subject-matter jurisdiction. This Court finds that the timeliness argument should instead be analyzed under a Rule 12(b)(6) standard, because the filing requirement is "not jurisdictional and is subject to equitable tolling or waiver." *Cf. Evans v. T.W. Servs., Inc of Delaware*, 930 F.2d 612, 615 (8th Cir. 1991) (finding that the 45-day filing requirement under the Minnesota Human Rights Act ("MHRA") was not jurisdictional); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982) (holding that the timely filing of an EEOC charge is not a jurisdictional prerequisite to bringing a Title VII action).

form.[3] With the understanding that Plaintiff could attempt to utilize the individuals as witnesses to support her underlying claims if this case progresses, Plaintiff agreed at the hearing that the individually named Defendants should be dismissed and the case instead should proceed only against Defendant Minnesota AFL-CIO. Accordingly, this Court recommends that any claims asserted against the individually named Defendants Shar Knutson, Steve Hunter, and Brad Lehto be dismissed.

## III.    Claims against Minnesota AFL-CIO

### A.    Race/Age/Color/Disability Discrimination and Retaliation Claims - Timeliness

In this action, Plaintiff asserts that she was discriminated against because of her race and color pursuant to Title VII, because of her age pursuant to the ADEA, because of her disability pursuant to the ADA, and that she was retaliated against for bringing her first charge of discrimination. Exhaustion of administrative remedies is central to these statutory schemes because "it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing *Patterson v. McLean Credit Union,* 491 U.S. 164, 180–81 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature

---

[3]    This Court notes that the underlying Right to Sue Notices attached to the Complaint list only Minnesota AFL-CIO as the Respondent. (Doc. No. 1-1.)

of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

Once an individual receives notice of the right to sue, she has ninety days in which to file

suit. 42 U.S.C. § 2000e-5(f)(1), § 12117(a); *see Hill v. John Chezik Imports*, 869 F.2d

1122, 1124 (8th Cir. 1989) (stating that the ninety-day period begins to run from the date

the letter was received by the charging party); *Baker v. Custom Plastic Printers, Inc.*, No.

CV 15-3795 (ADM/JJK), 2016 WL 308782, at *3 (D. Minn. Jan. 25, 2016) ("42 U.S.C.

§ 2000e-5(f)(1) states that a plaintiff may assert an action against a respondent named in

an EEOC charge within 90 days of receiving notice from the EEOC."). "The Court can

presume that the charging party received notice at the most recent address provided to the

EEOC within three days after mailing." *Dawson v. Wells Fargo Corp.*, No. CIV. 11-2456

(MJD/JJG), 2012 WL 3870597, at *3 (D. Minn. Sept. 6, 2012) (citing *Baldwin County*

*Welcome Ctr v. Brown*, 466 U.S. 147, 148 n.1 (1984)).

     Here, it appears from Plaintiff's Complaint and the documents attached to the

Complaint that she did file two separate charges with the City of St. Paul Department of

Human Rights and Equal Economic Opportunity, and therefore through agreement, with

the EEOC. (Doc. No. 1, Compl. 3; Doc. No. 1-1.) Defendants do not dispute this and have

not raised any issue with the timeliness of the filing of her two separate charges. Plaintiff

received a Notice of Right to Sue on the claims of race/color/sex/age discrimination on

September 10, 2015, and received a Notice of Right to Sue on the claims of disability

discrimination and retaliation on September 18, 2017. (Doc. No. 1-1.) Plaintiff then filed

her Complaint with this Court on November 9, 2017. (Doc. No. 1.)

Defendants argue that the filing of this civil action on Plaintiff's claims of race/age/color/disability discrimination and retaliation is untimely because Plaintiff did not file her Complaint within the "[g]overning" limitations period. (Doc. No. 14, Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.' Mem.") 5, 7–9.) Defendants are only partially correct. Because the claims Plaintiff asserts are brought pursuant to Title VII, the ADEA, and the ADA, the limitations period is ninety days, *see* 42 U.S.C. § 2000e–5(f)(1), not forty-five days as Defendants assert. The fact that the Notice of Right to Sue references forty-five days does not trump Plaintiff's rights under the federal statute.[4] Nonetheless, Defendants are correct that Plaintiff's claims for race/age/color discrimination are untimely, as they are being asserted in this civil action approximately two years late. For that reason, the claims based on events which prompted Plaintiff's first EEOC charge are barred by statute. *See Milton v. USX Corp.*, No. CIV 99-834 (JMR/RLE), 2000 WL 33217339, at *3 (D. Minn. Nov. 20, 2000) ("Generally, the failure of a Plaintiff to commence their lawsuit within the 90–day period results in a

---

[4]      Defendants may be confusing the limitations period with that imposed on claims brought under the Minnesota Human Rights Act (which the Plaintiff here is not asserting). *See Kimble-Parham v. Minn. Mining & Mfg.*, No. CIV.00-1242 (ADM/AJB), 2002 WL 31229572, at *6 (D. Minn. Oct. 2, 2002) ("Where a plaintiff timely files an administrative charge of discrimination, as Plaintiff did here with the Minnesota Department of Human Rights ("MDHR"), a lawsuit alleging violations of the MHRA must be brought within 45 days of the charging party's receipt of a notice dismissing the charge. Minn. Stat. § 363.14 Subd. 1(1).").

dismissal of that plaintiff's cause of action.") (citing cases); *see also Verner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("[I]f it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the status of limitations was in fact tolled.").[5] However, Plaintiff's claims for disability discrimination and retaliation, which were the subject of the second EEOC charge, were filed with this Court within the ninety-day limitation period. Accordingly, Defendants' argument as to untimeliness of these claims fails.

**B.  Disability/Retaliation Claims – Plausible Claims**

For Plaintiff's disability discrimination and retaliation claims, Plaintiff's pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted). For a prima facie case of employment discrimination, Plaintiff must show: "(1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two." *Wilson v. Arkansas Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) (quoting *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 702 (8th Cir. 2006)). "[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case" under *McDonnell Douglas*. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511

---

[5]     Plaintiff makes no argument for tolling the limitations period in this case regarding the claims asserted in her first charge.

(2002) (holding that an employment discrimination complaint need not contain specific facts establishing a prima facie case under *McDonnell Douglas*). "The plaintiff's burden at the prima facie case stage of the analysis is not onerous." *Wilson*, 850 F.3d at 372 (quotations omitted); *see also Littlejohn v. City of New York*, 795 F.3d 297, 309, 316 (2d Cir. 2015) (emphasis in original) (explaining that "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*," which in turn "reduces the facts needed to be *pleaded* under *Iqbal*"). Further, "[c]omplaints, including pro se complaints, must be liberally construed." *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012); *see also Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010) (stating that pro se pleadings are afforded liberal construction).

Here, Plaintiff not only checked the box on the form Complaint showing that her employment discrimination lawsuit is based on the ADA, but she further elaborates in writing what her disability discrimination and retaliation claims are based on and when it occurred. (Doc. No. 1, Compl. ¶¶ 3, 5, 10–12, 14–16.) Plaintiff sufficiently pled the first element of a prima facie case—alleging protected conduct—through the filing of the EEOC charge and by taking time off on disability sick leave. She sufficiently pled the second element through her allegation of being fired—an adverse employment action. And, construed most favorably to Plaintiff, she also sufficiently plead a causal connection between both the filing of the charge and her request for aid during her illness/disability

and the firing. (*See* Compl. ¶ 11 ("Defendants retaliated against me for filing a previous

complaint of discrimination with the EEOC hearing up to my termination . . ."); ¶ 12

("Defendants . . . failed to recognize and aid me during my illness/disability."); ¶ 10

("Defendants violated my rights under various federal employment discrimination laws

throughout the last six years of employment prior to terminating me while out on

disability sick leave.").

As explained by the Eighth Circuit in *Wilson v. Arkansas Dep't of Human Servs.*:

Under the "simplified notice pleading standard" that governs *McDonnell
Douglas* retaliation claims, summary judgment motions—not motions to
dismiss—should dispose of most unmeritorious claims. *See Swierkiewicz*,
534 U.S. at 512, 122 S.Ct. 992 (emphasis added) ("This simplified notice
pleading standard relies on liberal discovery rules and *summary judgment
motions* to define disputed facts and issues and to dispose of unmeritorious
claims."); *id.* at 512–13, 122 S.Ct. 992 (quotation omitted) ("The provisions
for discovery are so flexible and the provisions for pretrial procedure and
summary judgment so effective, that attempted surprise in federal practice
is aborted very easily, synthetic issues detected, and the gravamen of the
dispute brought frankly into the open for the inspection of the court.");
*Johnson v. City of Shelby*, ––– U.S. ––––, 135 S.Ct. 346, 347, 190 L.Ed.2d
309 (2014) (per curiam) (citing *Swierkiewicz* approvingly).

850 F.3d 368, 372–73 (8th Cir. 2017). This Court agrees. While Plaintiff's claims may or

may not ultimately survive a summary-judgment motion, at this stage this Court

concludes that Plaintiff has met her pleading requirement with respect to her disability

and retaliation claims.

## C. Harassment Claims

In her form Complaint, Plaintiff also checked a box stating that the conduct

complained of in this law suit involves "Harassment." (Compl. ¶ 8.) However, as stated

11

above, to exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue with regard to that charge. 42 U.S.C. § 2000e-5(b), (c), (e). "The ADA incorporates by reference the exhaustion requirement from Title VII." *Kristensen v. Greatbatch*, No. CIV. 11-3318 (MJD/TNL), 2012 WL 4479244, at *4 (D. Minn. Sept. 28, 2012) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5). Here, Plaintiff filed two formal charges of discrimination with the EEOC and was granted a right to sue on both. The first included charges regarding race/color/age/sex discrimination; the second included charges for disability discrimination and retaliation. There is no allegation or support before this Court that Plaintiff included a harassment claim in either charge with the EEOC. "Although charges of discrimination filed by *pro se* litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised." *Pointer v. Missouri Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir. 2004) (citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996); *Williams*, 21 F.3d at 223). Therefore, Plaintiff did not exhaust administrative remedies with regard to her alleged harassment claim, and therefore that claim should be dismissed.

### RECOMMENDATION

   For the reasons stated above, this Court recommends that:

   1.    Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 12) be

**GRANTED IN PART** and **DENIED IN PART**. Any claims asserted against the

individually named Defendants Shar Knutson, Steve Hunter, and Brad Lehto should be dismissed. Plaintiff's claims for race/age/color discrimination and harassment should be dismissed. Plaintiff's claims for disability discrimination and retaliation against Defendant Minnesota AFL-CIO should remain.

Date: October 1, 2018

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **October 15, 2018**. A party may respond to those objections within **fourteen days** after service thereof. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report and Recommendation.